# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In Re: | : | |
| | : | CHAPTER 7 |
| DEMETRIOS STEFANOPOULOS a/k/a | : | |
| Dimitri Stefanopoulos, | : | CASE NO. 16-23472 (rdd) |
| | : | |
| Debtor | : | |
| | : | |
| | : | |
| SWIFT FINANCIAL CORPORATION | : | |
| d/b/a SWIFT CAPITAL, | : | |
| | : | ADV. PRO. NO. 17-08204 (rdd) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| DEMITRIOS STEFANOPOULOS a/k/a | : | |
| DIMITRI STEFANOPOULOS, | : | |
| | : | |
| Defendant | : | |

## STIPULATION OF SETTLEMENT

THIS STIPULATION is entered into by and between the Plaintiff, Swift Financial Corporation d/b/a Swift Capital ("Swift"), and the Defendant, Demetrios Stefanopoulos a/k/a Dimitri Stefanopoulos ("Stefanopoulos") on this twelfth (12th) day of December 2017.

WHEREAS, Swift and Favor Warehouse.com Inc. are parties to a Future Receivables Sales Agreement ("Agreement") and Stefanopoulos executed a performance guaranty, dated July 30, 2015 ("Guaranty")  related to the Agreement; and

WHEREAS, Swift contends that there has been a default by Favor Warehouse.com Inc. and Stefanopoulos under the terms of the Agreement and Guaranty, respectively; and

5491332                                         1

WHEREAS, on October 28, 2016, Stefanopoulos filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (Case No. 16-23472-rdd) in the Southern District of New York (the "Bankruptcy Case"); and

WHEREAS, Swift instituted the above-captioned action on January 10, 2017, as amended, to declare the obligation owed by Stefanopoulos to Swift to be non-dischargeable in the Bankruptcy Case; and

WHEREAS, on July 20, 2017, the Court dismissed Swift's Complaint without prejudice on motion filed by Stefanopoulos; and

WHEREAS, on September 8, 2017, Swift filed a motion for leave to file an Amended Complaint to declare the obligation owed by Stefanopoulos to Swift to be non-dischargeable in bankruptcy; and

WHEREAS, Swift's motion for leave to amend is pending before the Court with a return date of December 22, 2017; and

WHEREAS, the parties wish to resolve and settle this matter on the terms set forth below without the necessity of further Court involvement,

NOW, THEREFORE, the parties hereto through their respective counsel, intending to be legally bound, hereby stipulate and agree as follows:

1. Swift's motion for leave to file an Amended Complaint shall be granted on consent of the parties.

2. The above-captioned adversary action shall be marked settled; and Stefanopoulos shall pay to Swift the sum of $15,000.00 (the "Settlement Amount") in full settlement of all claims that may of could have been asserted by either party against each other, payable in

    twelve (12) equal monthly payments of $1,250.00 each commencing February 1, 2018 and continuing on the first day of each month thereafter.

3. The Settlement Payments set forth in ¶2 above shall be made by way of wire, certified funds and/or attorney trust check payable to "Swift Capital", and shall be delivered to Capehart & Scatchard, P.A., 8000 Midlantic Drive, Suite 300-S, Mt. Laurel, New Jersey 08054 Attn: Sergio I. Scuteri, Esquire, so as to be received by the date due. All payments must be made when due - TIME IS OF THE ESSENCE.

4. It shall be an event of default if Stefanopoulos (a) files another petition seeking the entry of an order for relief under the U.S. Bankruptcy Code or an involuntary bankruptcy petition is filed against him during the payment term set forth in paragraph 2 above; (b) fails to make any payment by the date due; (c) delivers or tender a check, draft or other negotiable instrument which is not honored by the financial institution to which it is presented due to insufficient funds, stop payment order, or any other reason; or (d) fails to comply with any other term of this Settlement Agreement.

5. In the event of a default hereunder, counsel for swift shall provide written notice of default to Stefanopoulos, with a copy to his counsel, by email and first class mail. Notice shall be deemed received two (2) business days following its transmittal. Stefanopolos shall have seven (7) business days from receipt of the default notice to cure the default.

6. In the event of an uncured default, Swift shall be entitled to apply for judgment from the Bankruptcy Court, in its favor and against Stefanopoulos in the amount of $40,000.00 ("Default Amount") less payments made hereunder, plus all attorney fees and costs incurred by Swift since December 12, 2017, upon notice to Stefanopoulos and his counsel and the submission of a Motion for the Entry of a Judgment by Consent.

Stefanopoulos expressly consent to the entry of judgment against him as set forth herein; and further consents and agrees that said judgment shall be deemed to be non-dischargeable in bankruptcy.

7. Upon the earlier to occur of the timely payment in full of the Settlement Amount or the entry of a judgment in the Default Amount, this action shall be deemed dismissed with prejudice and Swift shall submit an appropriate Order to the Court, on notice to Stefanopoulos' counsel, for entry.

8. This Stipulation of Settlement contains all of the terms agreed upon between the parties with respect to the subject matter hereof and supersedes any and all prior written or oral understandings.

9. This Stipulation of Settlement may not be changed, modified or terminated except by a written instrument agreed to and executed by the parties hereto.

10. No waiver by either party of any failure or refusal of the other party to comply with any of its obligations shall be deemed a waiver of any other or subsequent failure or refusal so to comply.

11. This Stipulation of Settlement is binding on the successors, heirs and legal representatives of the parties.

12. This Stipulation of Settlement will be governed by the laws of the State of New York.

13. The parties have participated jointly in the negotiation and drafting of this Stipulation of Settlement. In the event an ambiguity or question of intent or interpretation arises, this Stipulation of Settlement shall be construed as if drafted jointly by the parties and no

presumption or burden of proof shall arise favoring or disfavoring any party by virtue of the authorship of any of the provisions of this Stipulation of Settlement.

14. This Stipulation of Settlement and/or any documentation contemplated or required in connection herewith may be executed in any number of counterparts each of which shall be deemed an original and all of which shall be considered one and the same document.

15. Each party is entering into this Stipulation of Settlement voluntarily, without duress, with the consultation and advice of their legal counsel or the opportunity to consult with counsel, and with full understanding of its terms.

16. This Stipulation of Settlement has been reviewed by the various parties hereto with the advice of counsel and they agree to the terms and conditions set forth herein.

17. Accordingly, the parties hereto, or their respective counsel, set forth their intention to be legally bound by placing their hands on the date set forth above.

                                      CAPEHART & SCATCHARD, P.A.
                                      A Professional Corporation

Dated: December 18, 2017      By:    */s/ Sergio I. Scuteri*
                                             SERGIO I. SCUTERI, ESQUIRE
                                             130 Water Street, Suite 10-B
                                             New York, NY 10005
                                             Tel. (212) 785-0885
                                             sscuteri@capehart.com
                                                   - and - (*please respond to NJ* office)
                                             8000 Midlantic Drive, Suite 300 S
                                             Mt. Laurel, NJ 08054
                                             Tel. (856) 914-2046

                                             Attorneys for Swift Financial Corporation d/b/a Swift Capital


                                             DELBELLO, DONNELLAN, WEINGARTEN,
                                             WISE & WIEDERKEHR, LLP

5491332                                    5

| | | |
|---|---|---|
| Dated: December 18, 2017 | By: | */s/ Erica Feynman Aisner* |
| | | ERICA FEYNMAN AISNER, ESQUIRE |
| | | One North Lexington Avenue |
| | | White Plains, NY 10601 |
| | | Tel. (914) 681-0200 |
| | | EAisner@ddw-law.com |
| | | |
| | | Attorneys for Demetrios Stefanopoulos |
| | | a/k/a Dimitri Stefanopoulos |
| | | |
| Dated: December 15, 2017 | | DEMETRIOS STEFANOPOULOS |
| | | |
| | By: | */s/ Demetrios Stefanopoulos* |

It is SO ORDERED

/s/Robert D. Drain
United States Bankruptcy Judge

Dated:  White Plains, New York
            December 20, 2017

5491332    6